## KENT COUNTY MEMORIAL HOSPITAL

v.

### Robert PARKER, Jane Does 1–3, John Does 1–3.

#### No. 97–510A.

Supreme Court of Rhode Island.

Nov. 20, 1998.

Gerald C. DeMaria, Paul S. Callahan, Providence.

John F. Dolan, Providence.

## ORDER

This case came before the Court for oral argument November 4, 1998, pursuant to an order entered January 26, 1998, directing the parties to appear and show cause why the issue raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issue raised by this appeal should be summarily decided.

The plaintiff, Kent County Memorial Hospital (plaintiff), appeals from a grant of summary judgment in favor of the defendant, Robert Parker (Parker), on the basis that the plaintiff lacked standing to bring the action. The complaint alleges that the defendants [1] violated the Confidentiality of Health Care Information Act, G.L.1956 § 5–37.3–1 et seq. (the "Act"). The following facts are undisputed. Parker, an attorney, obtained a copy of one of the plaintiff's hospital surgery schedules without the knowledge or the consent of any of the patients listed thereon to possess or publish the information contained therein. Parker used the schedule as an exhibit at a deposition in an unrelated lawsuit to prove that a doctor had scheduled elective surgery on the same day that the doctor had been scheduled to be deposed in order to avoid being deposed. The hospital surgery schedule contained the names of patients and physicians as well as generalized descriptions of the procedures to be performed with the date and time. The patients on the list have never been informed of, or been made aware that the schedule was used. No claims of violations of patients rights have been made or filed against the hospital.

The plaintiff in its complaint seeks compensatory as well as punitive damages; temporary, preliminary and permanent injunctive relief against any use of the disputed information; and, a mandatory injunction compelling the immediate return of the confidential information. The defendant informs us that he turned over all copies of the deposition transcript and surgery schedule to the hospital at a subsequent deposition related to this suit.

After a review of the record, we conclude that the plaintiff lacks standing under the Confidentiality of Health Care Information Act based on the facts present in this case. The privilege in this case belongs to the patients. For the foregoing reasons, the hospital's appeal is denied, and the judgment of the Superior Court is affirmed.

1. The complaint is filed against Parker and unknown Jane and John Does.